Jason A. Newfield (JN-5529)
Justin C. Frankel (JF-5983)
FRANKEL & NEWFIELD, P.C.
585 Stewart Avenue - Suite 301
Garden City, New York 11530
(516) 222-1600

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JAMES BOWEN,                                    :
                                                :      06  CV 6522 (DAB)
                        Plaintiff,              :
                                                :
          - against -                           :      **ECF**
                                                :
CIGNA LIFE INSURANCE COMPANY OF                 :
NEW YORK,                                       :      **COMPLAINT**
                                                :
                        Defendant.              :

------------------------------------------------------------

        Plaintiff, James Bowen, by and through his attorneys, FRANKEL & NEWFIELD, P.C., as

and for his Complaint against Defendant CIGNA LIFE ASSURANCE COMPANY OF NEW YORK

("CIGNA"), hereby sets forth the following:

### THE PARTIES

        1.      At all times hereinafter mentioned, Plaintiff JAMES BOWEN, was and still

is a resident of the State of Florida.

        2.      Upon information and belief, at all times hereinafter mentioned, Defendant

CIGNA is a New York Corporation, with its principal place of business at 140 East 45th Street, New

York, New York 10017 and is licensed to conduct business in the State of New York.  Defendant

CIGNA is therefore a citizen of the State of New York, pursuant to 28 U.S.C. § 1332(c)(1).

## JURISDICTION AND VENUE

3.      Jurisdiction of the Court is based upon 29 U.S.C. §§ 1132(e)(1) and 1132(f), which give the District Courts jurisdiction to heal civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.  Jurisdiction is also founded on 28 U.S.C. §1331 because this action arises under 29 U.S.C. §1001 et. seq.  (Employee Retirement Income Security Act of 1974, hereinafter "ERISA").

4.      Venue in the Southern District of New York is appropriate because Defendant CIGNA resides in this judicial district, is subject to personal jurisdiction in this judicial district and maintains contacts in this judicial district sufficient to subject it to personal jurisdiction.

5.      Pursuant to 28 U.S.C. §1391(a)(1) and §1391(c), this action is properly venued in the Southern District of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

6.      At all relevant times hereinafter mentioned, Plaintiff was an employee of Spear Leeds & Kellogg ("SLK") whose main office is in New York, NY.

7.      During Plaintiff's employment with SLK, and effective May 1, 1992, CIGNA issued Group Long Term Disability policy number NYK-2100 (the "Policy").

8.      At all times hereinafter mentioned, said disability policy of insurance was issued for the benefit of certain eligible SLK employees in exchange for the payment of premiums by SLK and/or the employees.

9.      At all times mentioned herein, Plaintiff was an employee eligible for disability benefits and an insured under the Policy issued by CIGNA.

2

10.     Said policy issued by CIGNA provided, among other things, that disability insurance payments will be made to Plaintiff in the event that he becomes disabled due to injury or sickness.

11.     On or about July 9, 2001, during the period within which said Policy was in full force and effect, and while Plaintiff was an eligible employee, Plaintiff became disabled within the meaning and pursuant to the terms of said Policy.

12.     Plaintiff filed a claim for long term disability benefits with CIGNA.

13.     Plaintiff provided proof of loss to CIGNA.

14.     Plaintiff complied with all of the contractual obligations contained in the Policy.

15.     On or about September 26, 2002, CIGNA issued a letter to Plaintiff denying his claim for long term disability benefits.

16.     On or about February 27, 2003, Plaintiff filed his Appeal for benefits pursuant to the terms of the plan and the proscriptions of ERISA.

17.     On or about March 14, 2003, Plaintiff was advised by letter from CIGNA that CIGNA would make an objective and independent review of the original claim decision.

18.     In Plaintiff's February 27, 2003 Appeal of CIGNA's adverse benefit determination, Plaintiff provided appropriate proof as to his eligibility for benefits.

19.     On or about April 25, 2003, Plaintiff was advised by letter from CIGNA that CIGNA was affirming its previous denial of the claim.

20.     CIGNA's affirming of the previous claim denial was the product of a biased, result oriented claim process, which failed to afford a full and fair review of Plaintiff's claim.

21.     CIGNA's review was neither objective, nor independent.

22.     Plaintiff once again filed an Appeal of the wrongful denial of his benefits claim on December 12, 2005.

23.     Plaintiff's appeal provided medical evidence, as well as subjectively reported information in the form of a narrative statement from Plaintiff, as well as a statement from his wife, family members and a friend who has known him many years.

24.     CIGNA once again denied this Appeal, by letter dated March 3, 2006.

25.     CIGNA's appeal denial letter failed to indicate that the supportive statements were considered in providing Plaintiff with a full and fair review of his claim.

26.     CIGNA's claim review was predicated solely upon a paper review of records, with no evaluation or examination of Plaintiff at any time.

27.     On July 18, 2006, Plaintiff submitted additional materials in support of his claim, including a narrative letter from Dr. Pamela Call, a medical provider who was intimately involved with Plaintiff's care during the relevant time periods.

28.     Prior to submitting the July 18, 2006 letter with materials, CIGNA, by Gary Person, the manager of the Appeals Team, had agreed to accept additional materials.

29.     Dr. Call's letter served to further clarify the nature and extent of Plaintiff's condition during the time period.

30.     On August 9, 2006, Plaintiff sent a letter to CIGNA requesting that a status be provided as to the review of the materials contained in the July 18, 2006 letter.

31.     By letter dated August 14, 2006, CIGNA advised that Dr. Call did not provide any new information, and was thus not considered a basis to accept another appeal review of the

4

claim.

32.     As of this date, Plaintiff continues to be disabled in that he is unable to perform all of the essential duties of his occupation.

33.     Plaintiff's disability is caused by, among other things, his diagnosis of Bipolar Disorder and the attendant restrictions and limitations which make him unable to perform his occupation as a stock broker.

34.     Plaintiff cooperated with Defendant CIGNA, provided proper proof of loss, and otherwise complied with the policy terms and conditions regarding his claim.

35.     CIGNA acknowledged that Plaintiff suffered a significant sickness that prevented him from performing the duties of his occupation, as of February 2002.

36.     However, CIGNA has refused to acknowledge that this same sickness was impairing Plaintiff at the time he ceased his employment with SLK in July 2001.

37.     Thereafter, despite Plaintiff's continued total disability, Defendant has denied further benefits to Plaintiff and continues to refuse to pay benefits pursuant to the policy, although payment thereof has been duly demanded.

38.     Plaintiff filed an administrative appeal of CIGNA's wrongful termination of his benefits, which was denied by CIGNA.   Thus, Plaintiff has exhausted his administrative remedies.

39.     Said refusal on the part of Defendant CIGNA is a willful and wrongful breach of the policy terms and conditions.

40.     Monthly benefits to Plaintiff are continuing to be due and payable by Defendant CIGNA with the passage of each month.

5

41.     Defendant CIGNA is a conflicted decision maker because it has a financial interest in the outcome of Plaintiff's claim and is exposed to substantial future liability to Plaintiff should it accept liability for this claim.

42.     Defendant CIGNA's structural conflict of interest pervaded its handling of Plaintiff's claim, resulting in a number of procedural irregularities in its claim handling, including but not limited to, the failure to perform a medical examination of Plaintiff, the failure to accurately and appropriately understand the essential duties of Plaintiff's occupation, and the failure to consider the significant physical, mental, emotional and stamina requirements or the duties of his occupation.

43.     Defendant CIGNA's claim handling resulted in numerous violations of 29 CFR § 2560.503-1.

44.     Defendant CIGNA's claim handling failed to provide Plaintiff with a full and fair review of his claim.

45.     Defendant CIGNA's claim handling demonstrates a bias against Plaintiff's claim due to its impact on Defendant CIGNA's financial situation and prevented Plaintiff from receiving a full and fair review of his claim.

46.     The Court shall review CIGNA's decision to deny benefits under a de novo standard of review.

47.     Plaintiff has exhausted all administrative appeals and remedies to the extent they exist pursuant to the conditions of the employee benefit plan.

48.     Plaintiff continues to be totally disabled, and monthly benefits are due and owing to him with the passage of each month.

49.     Plaintiff is without an adequate remedy at law.

6

**WHEREFORE**, Plaintiff James Bowen prays that he may have a declaratory judgment herein declaring the rights and other legal relations of the parties hereto regarding the matters set forth in this Complaint specifying the following:

a)      Plaintiff is disabled pursuant to the language and within the meaning of the subject policy of insurance issued by Defendant in that he is unable to perform all of the essential duties of his occupation;

b)      Defendant is obligated to pay continuing benefits to Plaintiff pursuant to the policy and is obligated to pay all benefits in arrears due and owing since the denial of benefits, plus prejudgment interest;

c)      Defendant's obligation to pay benefits to Plaintiff shall continue as long as he remains totally disabled, subject to the applicable benefit period in the policy;

d)      Plaintiff shall be afforded appropriate equitable relief to redress Defendant's violation of the terms of the Policy;

e)      Pursuant to ERISA §502 et. seq., Plaintiff shall be entitled to recoup his attorney's fees, as well as all other costs and disbursements of this action;

f)      Plaintiff may return to this Court, upon motion, to seek further declaratory relief in the event that it becomes necessary;

g)      The Court shall review this action under a de novo standard of review, and

h)      Such other and further relief as the Court may deem just and proper.

Dated:      Garden City, New York
             August 28, 2006

By:      /S/ Jason A. Newfield
           Jason A. Newfield (JN-5529)
           Justin C. Frankel (JF-5983)
           FRANKEL & NEWFIELD, P.C.
           585 Stewart Avenue - Suite 301
           Garden City, New York 11530
           (516) 222-1600
           Attorneys for Plaintiff

X:\Shared\Bowen\Complant.wpd